IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HOLLY DANGERFIELD | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION _____ |
| | § | |
| PARAGON INSURANCE HOLDINGS, LLC | § | |
|     Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF HOLLY DANGERFIELD'S ORIGINAL COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** HOLLY DANGERFIELD hereinafter called Plaintiff, complaining of and about PARAGON INSURANCE HOLDINGS, LLC, hereinafter called Defendant or "PARAGON", and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff Holly Dangerfield, is a citizen of the United States and the State of Texas and resides in Bexar County, Texas.

2. Defendant PARAGON is a limited liability company with a state of formation in Connecticut and engages or has engaged in business in this State, but does not maintain a regular place of business or a designated agent for service of process, per the Texas Comptroller of Public Accounts. This lawsuit arises out of the business done in this State and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and

forwarded to Defendant's home or home office at 3000 EXECUTIVE PKWY STE 325 SAN RAMON, CA 94583-4335. Previously Defendant had a registered agent in this state: 3H AGENT SERVICES, INC. at 11734 SCHRIBER RD. BUDA, TX 78610

## JURISDICTION AND VENUE

3.     The action arises under a federal employment and discrimination laws as hereinafter more fully appears.

4.     This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

5.     Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2) because Defendant resides in this judicial district and a substantial part of the events giving rise to the claims herein occurred and continue to occur in this judicial district.

## NATURE OF ACTION

6.     This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, color and/or national origin. In the instant case Plaintiff was discriminated against on the basis of their race and color as an African-American woman.

## CONDITIONS PRECEDENT

7.     All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter. **See Exhibit A**. A claim under 42 U.S.C. Section 1981 does not require the above.

## FACTS

8.      Plaintiff was employed by Argo Insurance Holdings ("Argo") as an assistant underwriter beginning in 2016.

9.      Defendant PARAGON subsequently acquired portions of Argo in November of 2017.

10.     As part of the move, and subsequent to the acquisition, Plaintiff was forced to take on more job duties such as: determining eligibility, underwriting new and renewal businesses, setting rates, issuing policy rated endorsements, and issuing endorsements.

11.     Defendant divided underwriters and associated employees into "teams" or groups. **Exhibit B**, attached and incorporated by reference.

12.     Defendant's agent, Shelby Cornett the Plaintiff's direct manager, in reviewing the work done and accomplished by the Plaintiff, on or about March or June of 2018, stated when she reviewed salaries for the team, noted that Plaintiff had the lowest pay, despite having seniority and substantial experience. Plaintiff understood that she would receive a series of promotions to ensure equitable pay.

13.     Plaintiff was promoted in July of 2018 to underwriter of the North American Timber program. **Exhibit C**, attached and incorporated by reference.

14.     Plaintiff was promised a second promotion in July of 2019 but was passed over for outside employment. Said employee quit within two weeks. The Defendant indicated that a review would occur in September of 2019 for promotion and Plaintiff was subsequently promoted.

15.     During this time, and going forward, Plaintiff was also aware of individuals within Defendant's employ who were making or had made racial remarks and had moved files from fellow underwriters accounts into her own. Despite these issues being reported, the Defendant

did nothing to discourage these actions and provided no relief to Plaintiff.

16.     By April of 2022, Plaintiff continued to do work which was on the same scale, type, and value of that of underwriters but was being paid significantly less than her fellow or newly employed underwriters. Plaintiff found job postings by the defendant for positions to which she was senior to which the Defendant was offering salary ranges higher than her own despite being three levels beneath her. **Exhibit D,** attached and incorporated by reference. When questioned on the discrepancy and at a subsequent team meeting, Defendant informed the Plaintiff that her role was to be changed to "renewal underwriter" a position which required the same responsibility as the senior underwriters but without commensurate pay. On information and belief, Plaintiff was underpaid compared to her peers and was being paid nearly $35,000.00 less than individuals with whom she was doing comparable work.

17.     Plaintiff expressed concerns over the change and an intention to resign on May 6, 2022. Defendant terminated Plaintiff on May 5, 2022.

## RACE DISCRIMINATION

18.     Each of the preceding paragraphs is incorporated by reference under this count.

19.     Defendant, PARAGON either directly or by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her race, color and/or national origin.

20.     Defendant, PARAGON either directly or by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's

race, color and/or national origin in violation of 42 U.S.C. Section 2000e (2)(a).

21. Defendant, PARAGON either directly or by and through Defendant's agents, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to other employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

22. The unlawful employment practices of Defendant, PARAGON, either directly or by and through Defendant's agents, had a disparate and adverse impact on Plaintiff because of her race, color and/or national origin. Such employment practices were not job-related and were not consistent with business necessity.

23. Plaintiff alleges that Defendant, PARAGON either directly or by and through Defendant's agents, discriminated against Plaintiff on the basis of race, color and/or national origin with malice or with reckless indifference to the federal-protected rights of Plaintiff.

24. Defendant, PARAGON either directly or by and through Defendant's agents, also violated Plaintiff's rights under 42 U.S.C. Section 1981.

## RESPONDEAT SUPERIOR AND RATIFICATION

25. Each of the preceding paragraphs is incorporated by reference under this count.

26. Whenever in this complaint it is alleged that the Defendant, PARAGON, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## CONSTRUCTIVE DISCHARGE

27. Each of the preceding paragraphs is incorporated by reference under this count.

28. PARAGON made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

## QUANTUM MERUIT BY PARAGON

29. Each of the preceding paragraphs is incorporated by reference under this count.

30. Plaintiff provided valuable services or materials which PARAGON accepted, used and enjoyed. Defendant knew that Plaintiff expected to be compensated for these services or materials, but failed to compensate Plaintiff. For such services or materials, Plaintiff herein sues.

## RETALIATION BY PARAGON

31. Each of the preceding paragraphs is incorporated by reference under this count.

32. Plaintiff alleges that PARAGON instituted a campaign of retaliation which included firing the defendant. This retaliation was and is due to Plaintiff exercising her rights. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

33. Each of the preceding paragraphs is incorporated by reference under this count.

34. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described herein above:

    a. Economic Damages;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff via 42 U.S.C. § 2000e-5(k) and/or 42 U.S. Code § 1988;

    c. Back pay from the date that Plaintiff was denied equal pay for equal work as listed in the proceeding paragraphs and interest on the back pay in an

        amount to compensate Plaintiff as the Court deems equitable and just;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Emotional pain;

f. Expert fees as the Court deems appropriate;

g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h. Inconvenience;

i. Interest;

j. Loss of enjoyment of life;

k. Mental anguish in the past;

l. Mental anguish in the future;

m. Loss of earnings in the past;

n. Loss of earning capacity which will, in all probability, be incurred in the future;

o. Loss of benefits;

p. Humiliation;

q. Interruption of business;

r. Loss of time;

s. Injury to business interest;

t. Injury to reputation.

## **SPECIFIC RELIEF**

35. Each of the preceding paragraphs is incorporated by reference under this count.

36. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove: Prohibit by injunction the Defendant from engaging in unlawful employment practices.

**DEMAND FOR JURY TRIAL**

37. Plaintiff demands trial by jury on all issues so triable.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, HOLLY DANGERFIELD, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court and as listed above in paragraph 34; together with interest as allowed by law; costs of court; reasonable and necessary attorney's; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

17806 W Interstate 10, Suite 300
San Antonio, Texas 78257
Tel. (210) 225-2961
www.sabusinessattorney.com

By: /s/ Aric J. Garza
Aric J. Garza
State Bar No. 50511848
Email: aric@sabusinessattorney.com
**ATTORNEY FOR PLAINTIFF**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/16/2024

**EXHIBIT A**

**To:** Ms. Holly Dangerfield
13213 Badlands Way
Saint Hedwig, TX 78152

Charge No: 523-2023-00798

EEOC Representative and email:    Sequoia Welch
Investigator
sequoia.welch@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 523-2023-00798.

On behalf of the Commission,

*[signature]*
for
Norma J. Guzman
Field Director

**Cc:**
Brittany Green
Cozen O'Connor
123 N Wacker Dr Ste 1800
Chicago, IL 60606

Christine Millette
45 Nod Rd
Avon, CT 06001

David Barron
1221 Mckinney St Ste 2900
Houston, TX 77010

Aric J Garza
18756 Stone Oak Pkwy, Ste 200
San Antonio, TX 78258

Michael Arispe
Aric J. Garza Law PLLC
18756 Stone Oak Pkwy, Ste 200
San Antonio, TX 78258


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 523-2023-00798 to the Field

Enclosure with EEOC Notice of Closure and Rights (01/22)

Director at Norma J. Guzman, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 523-2023-00798 to the Field Director at Norma J. Guzman, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.



North American Timber Program Organization Chart – August 2021

EXHIBIT B




EXHIBIT
C

Holly Dangerfield <hnd4377@gmail.com>

## Promotion update: Associate Underwriter - $60,000 a year.
2 messages

**Holly Dangerfield** <hdangerfield@paragoninsgroup.com>　　　　　　　　　　　　　Mon, May 2, 2022 at 3:48 PM
To: "HND4377@gmail.com" <hnd4377@gmail.com>

**From:** Holly Dangerfield
**Sent:** Tuesday, June 5, 2018 2:01 PM
**To:** Enrico Ferrante <eferrante@paragoninsgroup.com>; Shelby Cornett <scornett@paragoninsgroup.com>
**Cc:** Ron Mairano <rmairano@paragoninsgroup.com>
**Subject:** RE: Promotion update: Associate Underwriter - $60,000 a year.

Good Afternoon,

My apologies for all the questions and asking for additional information   I honestly would like to know what is expected of me at the rate of 55,000.  I know what I currently contribute to this program and I want to understand the company's approach to this offer.   This puts me in such a bad position and I've literally been in tears for two days.   I simply do not believe the offer is fair and equal based on the amount of duties I am currently performing and with the inclusion of added Breweryplus duties.

At present, I Issue all policies(new and renewal) for both programs.  I complete the fast track renewal quotes for Wineryplus which equates to over 80% of Wineryplus production.   I issue 90-100% of the policies for both programs.  In the absence of Debbie and Anna, I  have become the Wineryplus underwriting contact for all things program related. I'm the billing contact for Wineryplus and breweryplus.     As the program contact, the majority of broker related  request  and questions fall in my lap.  I handle program complaints so that management never has to.    I also handle sending policy documents to network adjusters.  The workload that was essentially Debbie and Anna's has become my own.   This promotion now adds the breweryplus program quoting process to my job duties.  The offer simply isn't fair.   My work load is not reflective in the offer I've received.

I'm an amazing employee and this hurts to my core.   I think I just want to be a UA.

Holly Dangerfield

Paragon Insurance Holdings, LLC.

http://www.paragoninsgroup.com/

Phone (860) 866-5788; ext 159

Direct Email:  HDangerfield@Paragoninsgroup.com

General Mailbox:  wineryplus@paragoninsgroup.com

-



701 5th Avenue, Suite 4234 Seattle, WA 98104

The information contained in this e-mail message may be privileged and confidential information and is intended only for the use of the individual and/or entity identified in the alias address of this message. If the reader of this message is not the intended recipient, or an employee or agent responsible to deliver it to the intended recipient, you are hereby requested not to distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or return e-mail and delete the original message from your system.

**From:** Holly Dangerfield
**Sent:** Monday, June 4, 2018 6:21 PM
**To:** Enrico Ferrante <eferrante@paragoninsgroup.com>; Shelby Cornett <scornett@paragoninsgroup.com>
**Cc:** Ron Mairano <rmairano@paragoninsgroup.com>
**Subject:** RE: Promotion update: Associate Underwriter - $60,000 a year.

Thank you Enrico for your email and kind words.   Also, could I receive a copy of the job description for the above position?

Thank you all for your help!

Holly

Holly Dangerfield

*Associate Underwriter*

Paragon Insurance Holdings, LLC.

http://www.paragoninsgroup.com/

Phone (860) 866-5788; ext 159

Direct Email:  HDangerfield@Paragoninsgroup.com

General Mailbox:  wineryplus@paragoninsgroup.com



701 5th Avenue, Suite 4234 Seattle, WA 98104

The information contained in this e-mail message may be privileged and confidential information and is intended only for the use of the individual and/or entity identified in the alias address of this message. If the reader of this message is not the intended recipient, or an employee or agent responsible to deliver it to the intended recipient, you are hereby requested not to distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or return e-mail and delete the original message from your system.

**From:** Enrico Ferrante
**Sent:** Monday, June 4, 2018 5:03 PM
**To:** Holly Dangerfield <hdangerfield@paragoninsgroup.com>; Shelby Cornett <scornett@paragoninsgroup.com>
**Cc:** Ron Mairano <rmairano@paragoninsgroup.com>
**Subject:** Re: Promotion update: Associate Underwriter - $60,000 a year.

Ron m is on copy. We apologize for the miscommunication. You are a valued employee to all of us and I wish we handled this better but I can only apologize at this point.

Sincerely

Enrico Ferrante, PMP, ARM

EVP, Chief Operating Officer

Paragon Insurance Holdings, LLC.

Phone  (860) 266-1462

Mobile (203) 240-6044

------ Original message------
**From:** Holly Dangerfield
**Date:** Mon, Jun 4, 2018 5:32 PM
**To:** Shelby Cornett;

**Cc:** Enrico Ferrante;

**Subject:** RE: Promotion update: Associate Underwriter - $60,000 a year.

Hi Shelby and Enrico,

Associate Underwriter - $60,000 a year, this is the last offer I was presented and the offer I accepted.   This is also the promotion that I received email confirmation of on Friday, June 1, 2018.

I received a call today from my manager Shelby, explaining there have been new developments surrounding this promotion and the pay increase.   Any and all other communication pertaining to this position, promotion, or the merit bonus will need to be in writing.  Also, I respectfully ask that the owners be included on all correspondence going forward.

Thank you for your time,

Holly

Holly Dangerfield

Paragon Insurance Holdings, LLC.

http://www.paragoninsgroup.com/

Phone (860) 866-5788; ext 159

Direct Email:  HDangerfield@Paragoninsgroup.com

General Mailbox:  wineryplus@paragoninsgroup.com



701 5th Avenue, Suite 4234 Seattle, WA 98104

The information contained in this e-mail message may be privileged and confidential information and is intended only for the use of the individual and/or entity identified in the alias address of this message. If the reader of this message is not the intended recipient, or an employee or agent responsible to deliver it to the intended recipient, you are hereby requested not to distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or return e-mail and delete the original message from your system.

# Commercial Lines Underwriting Assistant



| | Paragon Insurance Holdings, LLC. |
|---|---|
| P | Anywhere |

Apply on Jobs Near Me

🕒 17 days ago  🏠 Work from home  💼 Full-time

## Job highlights
Identified by Google from the original job post

### Qualifications

- Working knowledge of insurance coverages, procedures, and rating
- Excellent communication skills, both verbal and written
- Familiar with common insurance terminology, self-starter, team player willing to learn
- Ability to multi-task and prioritize work efficiently
- Working knowledge of ISO, Oden, NCCI or other various 3rdparty Underwriting rating and risk assessment apps/tools
- OTHER REQUIREMENTSHigh School Diploma required
- Education:High school or equivalent (Required)Experience:Commercial Lines: 2 years (Required)Work Location: One location

### Responsibilities

- JOB DESCRIPTION Responsible for supporting underwriting through a variety of functions that include new business and renewal policy set up, account coordination, report ordering, data collection and information follow-up
- Reviews information in insurance applications to help make initial determination on risk acceptability
- Review rating for accuracy from rating vendor for assigned Underwriter(s)
- Inputs account information into MGA management system
- Promptly handles various requests from Agents and/or Underwriters through phone and written correspondence
- Works directly with agents to resolve problems and issues
- Manages account documentation (i.e., proposals, internal risk evaluation documents, etc.)
- Responsible for handling high volumes of transactions
- Provide back-up for others in the department

- Responsible for developing and maintaining strong working relationships with internal and external customers

Benefits

- Industry designations a plus (AINS, AIS, AU)Job Type: Full-timePay: $45,000.00 - $75,000.00 per year
- Flexible schedule
- Health insurance
- Paid time off
- Vision insurance